# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARY GOODKIN, ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01223-RCJ-VCF |
| vs. ) | |
| PHILLIPS, HARPER & HARPER, LLC, ) | **ORDER** |
| Defendant. ) | |

This case arises out of alleged abusive debt collection activities and invasion of privacy. Pending before the Court is Plaintiff's motion to enforce a settlement agreement. For the reasons given herein, the Court grants the motion.

## I.  FACTS AND PROCEDURAL HISTORY

Defendant Phillips, Harper & Harper, LLC ("Phillips") represented non-party Asset Acceptance, LLC in the latter's state court suit against Plaintiff Mary Goodkin. (*See* First Am. Compl. ¶ 9, July 22, 2010, ECF No. 4). The state court granted a default judgment against Plaintiff, which Plaintiff successfully moved to have set aside due to lack of notice. (*See id.* ¶¶ 13–16). The state court then ordered Asset Acceptance to remit $1779 that had been garnished from Plaintiff's wages. (*Id.* ¶ 16). Defendant subsequently sent a payment reminder to Plaintiff and, along with Asset Acceptance, garnished an additional $296.49 from Plaintiff's wages in violation of the court order. (*Id.* ¶¶ 20–21). Asset Acceptance has failed to remit either the $1779 to Plaintiff pursuant to the state court order or the additional $296.49 it garnished from Plaintiff's wages after the court order issued. (*Id.* ¶ 23).

Plaintiff sued Defendant in this Court for violations of the Fair Debt Collection Practices Act ("FDCPA") and invasion of privacy. Plaintiff filed the First Amended Complaint ("FAC"), which lists the same causes of action, the following day. Defendant moved to dismiss, and Plaintiff moved for offensive summary judgment. Based upon the parties' representations to the Court of an impending settlement, the Court vacated a hearing set for those two motions, and after a long period of inactivity in the case without any settlement, the Court denied the motions without prejudice. The parties then represented to the Court via a joint status report that they had agreed to settle the case for $9500 in exchange for the release of all claims and dismissal with prejudice. (*See* Joint Status Report 1, Sept. 16, 2011, ECF No. 36). The report also indicated that Attorney Gerald Phillips, the sole equity holder of Defendant law firm, had recently passed away and that Defendant's assets were therefore in probate. (*See id.* 1). The parties also represented that although the settlement had been agreed to, Defendant had not yet made payment to Plaintiff, and Plaintiff had not yet signed a release or dismissed the case, i.e., the settlement had been agreed to but had not been executed. (*See id.* 2). Plaintiff has filed a motion to enforce the settlement.

## II.   LEGAL STANDARDS

A federal court has the power to enforce by motion a settlement agreement in a pending case. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). In Nevada, the enforceability of a settlement agreement is governed by contract law. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). Therefore, there must be mutual, objective manifestation of assent to material terms, as well as consideration, by the parties or by agents with authority to bind the parties.

## III.   ANALYSIS

As noted, *supra*, the parties have represented to the Court on the record that they have agreed to the settlement under the following terms: Defendant is to pay Plaintiff $9500, and

1   Plaintiff is to sign a release and dismiss the case with prejudice.  Plaintiff argues that Defendant

2   law firm continues to do business, so it cannot claim that it has no assets available to pay the

3   settlement due to the probate of Mr. Phillips's estate.  Defendant must, she concludes, have some

4   working capital with which it operates.  The Court cannot reach any assets in probate directly,

5   but the state court's *in rem* jurisdiction over the estate's assets is no bar to the entry of an *in*

6   *personam* money judgment, which may then admitted to probate or otherwise enforced in the

7   state courts. *See Markham v. Allen*, 326 U.S. 490, 494 (1946) ("[F]ederal courts of equity have

8   jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants

9   against a decedent's estate 'to establish their claims' so long as the federal court does not

10  interfere with the probate proceedings or assume general jurisdiction of the probate or control of

11  the property in the custody of the state court.").

12      Defendant admits the unexecuted settlement agreement but responds that its assets are

13  now a part of Mr. Phillips's estate.  Defendant also notes that "Phillips, Harper & Harper, LLC"

14  is a fictitious name and that there is no such entity registered to do business with the Nevada

15  Secretary of State.  Defendant's official name is "Alvie Bennett, LLC," although it previously

16  did business as "Phillips, Harper & Harper, LLC."  Mr. Phillips was the managing member of

17  Alvie Bennett, but he committed suicide on March 13, 2011.  Alvie Bennett is now listed as an

18  asset of Mr. Phillips's estate in Washoe County District Court Case No. PR11-00308.  Mr.

19  Phillips's handwritten will has been admitted to probate, and Attorney Robert G. Berry is the

20  administrator of the estate.  Defendant argues that the estate has several creditors and believes

21  Plaintiff's claim should be asserted in probate along with the other claims via the normal claims

22  notice and settlement procedures under state law.

23      Plaintiff replies that Defendant is attempting to protect itself from a judgment by

24  claiming that although it has held itself out as an LLC law firm, its assets are all a part of Mr.

25  Phillips's personal estate.  Plaintiff argues that she is entitled to a money judgment of $9500

1  against both Phillips, Harper & Harper, LLC and Alvie Bennet, LLC, due to Defendant's

2  revelation that the former entity is a fictitious name for the former.

3      The Court will grant Plaintiff's motion and enter a judgment for $9500 against "Alvie

4  Bennet, LLC, d.b.a. Phillips, Harper & Harper, LLC."  Against which property Plaintiff can

5  collect on that judgment, whether in probate court or otherwise, is a matter for the state courts.

## CONCLUSION

7      IT IS HEREBY ORDERED that the Motion to Enforce Settlement Agreement (ECF No.

8  38) is GRANTED.

9      IT IS FURTHER ORDERED that the Clerk shall enter judgment against "Alvie Bennet,

10  LLC, d.b.a. Phillips, Harper & Harper, LLC" and in favor of Plaintiff in the amount of $9500,

11  and close the case, accordingly.

12      IT IS FURTHER ORDERED that the case is DISMISSED with prejudice.

13      IT IS SO ORDERED.

14  DATED this 24th day of February, 2012.

_____
ROBERT C. JONES
United States District Judge